UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEBORAH POWELL,

    Plaintiff,

        vs.                                    No. 3:14cv579(WIG)

SCHINDLER ELEVATOR CORPORATION,

    Defendant.
_____X

## RULING

Plaintiff Deborah Powell brings this diversity action alleging injuries stemming from an incident on April 23, 2012 when an elevator on which she was riding came to an abrupt stop. That elevator, Elevator A, is located in the Knights of Columbus Building in New Haven, Connecticut and was maintained by the defendant, Schindler Elevator Corporation. Now pending before the Court is Defendant's Motion in Limine [Doc. # 49] to preclude testimony from Plaintiff's proffered liability expert, Patrick McPartland.[1]

Plaintiff has disclosed Patrick McPartland of PM Engineering, PLLC as an expert witness. Mr. McPartland has been in the business of inspecting, maintaining, repairing, modernizing, and supervising the inspection, maintenance, repair, and modernization of elevators for 34 years. As relevant to this case, Mr. McPartland performed an inspection of Elevator A,

---

[1] Defendant filed this motion along with the parties' Joint Trial Memorandum. Plaintiff failed to timely oppose the motion. After a telephonic pretrial conference held on October 14, 2015, the Court granted in part the motion and benevolently agreed to allow Plaintiff additional time to file an opposition solely as to the issue of Mr. McPartland's testimony as to liability for the April 2012 incident. *See* ECF # 54. In her opposition, Plaintiff opposes three of the seven issues Defendant's motion raises. The first issue is whether Plaintiff should be allowed to introduce evidence of an alleged similar elevator incident occurring in July 2012. Plaintiff's opposition argues that such evidence should be permitted because it is relevant to her claim for emotional distress stemming from the April 2012 incident. As Defendant points out – and which Plaintiff does not refute – Mr. McPartland has no opinion on the July 2012 incident. Accordingly, the Court's previous decision granting the motion *in limine* as to this issue stands. *See* ECF # 54.

1

examined schematic drawings of Elevator A, and reviewed the callback and repair logs for Elevator A.  This work was the basis for his disclosed expert report, which renders the following conclusions:

a. The parts Schindler replaced the day after the incident had failed multiple times in the 14 months prior.
b. Because the previous replacement of components did not resolve the problem, Schindler should have had an engineer determine the root cause of the reoccurring problem.
c. Until engineers determined and corrected the condition, the elevator should have been taken out of service.
d. Had Schindler done so, Plaintiff's incident would have been prevented.
e. Schindler's failure to maintain the elevator in safe operating condition was the cause of Plaintiff's incident.

1. Reliability of Mr. McPartland's Testimony

Defendant argues that Mr. McPartland's conclusions fail the *Daubert* test because he has testified that he does not know what caused the abrupt stop on April 23, 2012; specifically, Defendant maintains that if Mr. McPartland is unable to opine as to what caused the April 2012 incident then there is no reliable foundation for his opinions with respect to prior malfunction and any efforts, or lack of efforts, to address such malfunction.  Plaintiff avers that Mr. McPartland's training and experience qualify him to know what reasonable care requires when an elevator has a recurrent yet undiagnosed problem, and he should be able to testify accordingly.

The admission of expert testimony is governed by Federal Rule of Evidence 702 and the principles set forth in *Daubert v. Merrell Dow Pharmaceutical, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).  Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles

and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

The Supreme Court in *Daubert* held that the trial judge, in considering the admissibility of expert evidence under Rule 702, must ensure that the evidence is both reliable and relevant. 509 U.S. at 597; *see Lamela v. City of New York,* 560 F.Supp.2d 214, 224 (E.D.N.Y.2008). In this regard, the trial court functions as a "gatekeeper." *Daubert,* 509 U.S. at 597. "The Second Circuit has made clear that *Daubert* contemplates liberal admissibility standards, and reinforces the idea that there should be a presumption of admissibility of evidence." *MacDermid Printing Sols., Inc. v. Cortron Corp.*, No. 3:08-cv-1649 MPS, 2014 WL 2615361, at *2 (D. Conn. June 12, 2014) (internal quotation marks omitted) (citing *Town of Southampton v. Suffolk County,* 367 Fed. App'x 234 (2010); *Borawick v. Shay,* 68 F.3d 597, 610 (2d Cir. 1995)). In fact, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert,* 509 U.S. at 596. In general, "the rejection of expert testimony is the exception rather than the rule." *MacDermid* (citing Advisory Committee Notes, 2000 Amendments to Fed.R.Evid. 702).

Finally, like all evidence, expert testimony may be excluded under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed.R.Evid. 403.

Applying these principles, the Court finds the evidence admissible. That Mr. McPartland cannot opine as to the root cause of the elevator malfunction does not necessarily mean that his report and testimony are not based on a reliable foundation. Mr. McPartland has spent years working in the elevator maintenance field, and this experience is a valid basis for his opinion on

3

what reasonable care is required when an elevator has a repeated but undiagnosed problem. Further, that Mr. McPartland does not know the basis of the malfunction may underscore his opinion as to standard of care: Defendant should have assigned the issue to the engineering department in an effort to determine the underlying cause of the recurring problem, and taken the elevator out of service until the cause was recognized and corrected. To the extent Defendant argues that Mr. McPartland's conclusions are unreliable, it may attack his report through cross examination. *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination… [is] the traditional and appropriate means of attacking shaky but admissible evidence.").

Finally, the probative value of Mr. McPartland's testimony is not substantially outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 403. Accordingly, the motion to preclude Mr. McPartland's expert testimony is denied.

### 2. Evidence of Other Elevator A Occurrences

Defendant additionally seeks to preclude evidence of prior Elevator A occurrences from the 14 months preceding the April 2012 incident as irrelevant and prejudicial because Mr. McPartland is unable to establish that the prior occurrences are substantially similar to the April 2012 incident. Plaintiff responds that the prior incidents involve Elevator A coming to an abrupt stop, and so they are substantially similar, and relevant, to the April 2012 incident and also show Defendant had notice of the condition of the elevator.

Both parties cite to state law for the proposition that evidence of other incidents must be substantially similar to be admissible. In a diversity action, however, "whether expert testimony is required is a matter of state law, whereas the admissibility of a given expert witness is governed by the Federal Rules of Evidence." *Ellis v. YMCA Camp Mohawk, Inc.*, 615 F. App'x 697, 698 (2d Cir. 2015) (citing 29 Charles Alan Wright & Arthur R. Miller, Federal Practice and

4

Procedure § 6263). Pursuant to Connecticut state law, "expert testimony is required when a matter goes 'beyond the ordinary knowledge and experience of judges or jurors.'" *Id.* (citing *LePage v. Horne,* 262 Conn. 116, 809 A.2d 505, 511 (2002)). The parties do not appear to dispute that expert testimony is required to establish the standard of care, and any breach of that standard, in this case.

With respect to admissibility, the Court agrees with Plaintiff that evidence of other incidents is relevant and admissible for the purpose of proving knowledge on the part of Defendant of similar incidents and the need to protect against further incidents, *see* Fed.R.Evid. 404(b), but this evidence must be limited to incidents involving Elevator A making an abrupt or sudden stop. Such incidents are sufficiently similar to be relevant, and the probative value of this evidence outweighs the risk of unfair prejudice. *See Wyatt v. Otis Elevator Co.*, 921 F.2d 1224, 1227 (11th Cir. 1991) (admitting evidence of prior elevator occurrence on the issue of notice or knowledge "so long as the conditions of the prior incidents are substantially similar to the occurrence in question and are not too remote in time."); *Laubach v. Otis Elevator Co.*, 37 F.3d 427, 428-29 (8th Cir. 1994) (permitting evidence of incidents involving the elevator in which plaintiff was allegedly injured, but excluding evidence of incidents relating to other elevators not involving sudden stops or resulting in injuries to other passengers). *See also* 1 McCormick on Evid. § 200 (7th ed.) ("evidence of other accidents commonly is received to prove that the defendant knew, or should have known, of the danger.").

Accordingly, the Court finds that Mr. McPartland should be permitted to offer testimony of prior Elevator A incidents as they relate to Defendants having notice of similar malfunction (*e.g.* abrupt stops) and allegedly failing to take action in accordance with the standard of care to which Mr. McPartland ascribes.

## Conclusion

For the reasons discussed above, Defendant's Motion *in Limine* [Doc. # 49] is denied in part and granted in part. Patrick McPartland shall be permitted to testify in accordance with the above.

SO ORDERED, this   30th   day of November, 2015, at Bridgeport, Connecticut.

                                       */s/ William I. Garfinkel*
                                       WILLIAM I. GARFINKEL
                                       United States Magistrate Judge